

Paid 150617710

# UNITED STATES    DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Joseph Hamilton

14547 Brookside Drive

Van Buren Township, MI 48111

Plaintiff, Pro Se,

v.

International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW)

8000 East Jefferson Avenue

Detroit, MI 48214

UAW Region 1A

9650 Telegraph Road

Taylor, MI 48180

UAW Local 600

10550 Dix Avenue

Dearborn, MI 48120

Defendants.

Case No. _____

Hon. _____

**Case: 2:25-cv-13418**
**Assigned To : DeClercq, Susan K.**
**Referral Judge: Stafford, Elizabeth A.**
**Assign. Date : 10/27/2025**
**CMP HAMILTON V. UAW, et al. (CMC)**

POOR QUALITY ORIGINAL

## Complaint for Violation of Duty of Fair Representation under §301 of the Labor Management Relations Act, 29 U.S.C. §185

### Introduction

Plaintiff Joseph Hamilton brings this action pro se against the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), its Region 1A, and Local 600, for violating their statutory duty of fair representation under Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159(a), enforceable through Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

This lawsuit arises from Defendants' arbitrary, discriminatory, and bad-faith handling of Plaintiff's grievance following his termination by Ford Motor Company on September 30, 2021. The UAW and its representatives closed his grievance without consent, refused to consider new medical evidence, and conditioned reinstatement on signing a "Reinstatement Waiver" that unlawfully required forfeiture of back pay, seniority, and future grievance rights.

Plaintiff has fully exhausted all internal union remedies under Article 33 of the UAW Constitution before filing this complaint. He seeks judicial review and relief for the union's breach of its duty of fair representation, including reinstatement of seniority, lost wages, compensatory damages, and such other equitable relief as the Court deems just and proper.

### I. Jurisdiction and Venue

This action arises under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185.

Jurisdiction is proper under 28 U.S.C. §§1331 and 1337 because this case presents a federal question arising under the labor laws of the United States.

Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to this claim occurred in Dearborn, Taylor, and Detroit, Michigan.

### I-A. Pro Se Standard of Review

Plaintiff appears without formal counsel and is proceeding pro se.

Under Haines v. Kerner, 404 U.S. 519, 520–521 (1972), and Erickson v. Pardus, 551 U.S. 89, 94 (2007), pro se pleadings are held to less stringent standards than those drafted by lawyers and must be liberally construed to do substantial justice.

## II. Parties

Plaintiff Joseph Hamilton resides in Van Buren Township, Michigan, and was at all relevant times a member of UAW Local 600 and an employee at Ford's Dearborn Stamping Plant.

Defendants International UAW, UAW Region 1A, and UAW Local 600 are labor organizations that, at all relevant times, served as the exclusive collective bargaining representatives for employees, including Plaintiff, under the applicable collective bargaining agreement (CBA).

## III. Facts

Plaintiff began employment with Ford Motor Company on or about February 16, 2015, as a production employee represented by UAW Local 600.

He went on medical leave in or about October 2019 for serious medical conditions, including cellulitis, radiculopathy, and lymphedema, documented by his treating physician, Dr. Brian Kolender, M.D.

On September 30, 2021, Ford terminated Plaintiff's employment, claiming failure to update his medical leave and respond to a five-day quit notice.

On March 25, 2022, UAW Local 600 filed Grievance No. L22RD11 on Plaintiff's behalf, alleging unjust termination and requesting reinstatement with back pay and restoration of seniority.

On August 19, 2024, UAW Region 1A Representative Gabe Solano executed a "Partial Grant" settlement with Ford, requiring Plaintiff to pass a medical screening, return to work by September 3, 2024, and sign a "Reinstatement Waiver" that forfeited all back pay and grievance rights for twelve months.

On August 22, 2024, Plaintiff attended the medical evaluation, passed the screening, and was presented with the Reinstatement Waiver without prior notice or explanation. Plaintiff refused to sign because the waiver was unfair and would strip him of rights and seniority.

On September 9, 2024, the UAW informed Plaintiff that his grievance was "settled and closed" solely due to his refusal to sign the waiver.

On October 7, 2024, Plaintiff appealed under Article 33 of the UAW Constitution to the UAW President's Office.

On February 26, 2025, the UAW acknowledged receipt of the appeal, and on May 22, 2025, the International Executive Board issued its final denial, affirming the settlement.

Plaintiff has therefore fully exhausted his internal union remedies.

## IV. Claim for Relief – Duty of Fair Representation (Against All Defendants)

Defendants owed Plaintiff a statutory duty of fair representation under Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159(a), to represent all members fairly, in good faith, and without discrimination.

This duty is enforceable through Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. See Vaca v. Sipes, 386 U.S. 171, 177–188 (1967).

Defendants breached this duty through arbitrary and bad-faith conduct in the handling of Plaintiff's grievance, including failure to investigate medical evidence, conditioning reinstatement on an unfair waiver of rights, and closing the grievance without Plaintiff's consent or arbitration. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563–571 (1976).

Defendants' conduct fell outside the wide range of reasonableness accorded to unions under Air Line Pilots Association v. O'Neill, 499 U.S. 65, 67–78 (1991), and was irrational, discriminatory, and made in bad faith.

## V. Damages

As a direct and proximate result of Defendants' breach of the duty of fair representation, Plaintiff suffered loss of employment, wages, benefits, and seniority, as well as emotional and financial distress.

Plaintiff seeks compensatory damages, reinstatement with seniority, back pay, and any other equitable or monetary relief deemed appropriate by the Court.

## VI. Exhaustion and Timeliness

Plaintiff exhausted all internal union remedies in accordance with Article 33 of the UAW Constitution and the Supreme Court's guidance in Clayton v. UAW, 451 U.S. 679, 689–696 (1981).

This complaint is filed within the six-month limitations period set forth in DelCostello v. Teamsters, 462 U.S. 151, 169–172 (1983), tolled during the pendency of Plaintiff's internal appeal.

## VII. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. For back pay and lost benefits from September 30, 2021, through the date of judgment, with interest;

B. For restoration of seniority and reinstatement without loss of benefits;

C. For compensatory damages for hardship and distress;

D. For costs of suit and such other relief as the Court deems just and proper.

## Table of Exhibits

Exhibit A: Termination Notice, September 30, 2021

Exhibit B: Grievance L22RD11 Filed by UAW, March 25, 2022

Exhibit C: Third Stage Disposition Partial Grant, August 19, 2024

Exhibit D: Reinstatement Waiver, August 26, 2024

Exhibit E: Physician Letter of Dr. Brian Kolender, August 27, 2024

Exhibit F: UAW Closure Letter, September 9, 2024

Exhibit G: Article 33 Appeal Letter to UAW President, October 7, 2024

Exhibit H: Appeal Acknowledgment, February 26, 2025

Exhibit I: Final Denial by International Executive Board, May 22, 2025

Dated: _Oct 27_ , 2025

Respectfully submitted by Plaintiff, appearing pro se.

/s/ Joseph Hamilton

Joseph Hamilton

14547 Brookside Drive

Van Buren Township, MI 48111

Phone: (734) 307-9137

Email: 1jhamilton1974@gmail.com

.

# Civil Cover Sheet (JS-44 Format)

United States District Court – Eastern District of Michigan

I. Plaintiff

Name: Joseph Hamilton

Address: 14547 Brookside Drive

City/State/ZIP: Van Buren Township, Michigan 48111

Phone: (734) 307-9137

Email: 1jhamilton1974@gmail.com

Representation: ☐ Attorney  ☒ Pro Se

II. Defendant(s)

1. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW)

   Address: 8000 East Jefferson Avenue, Detroit, MI 48214

2. UAW Region 1A

   Address: 9650 Telegraph Road, Taylor, MI 48180

3. UAW Local 600

   Address: 10550 Dix Avenue, Dearborn, MI 48120

III. Basis of Jurisdiction (Check one)

☒ 1. Federal Question (U.S. Government not a party)

☐ 2. U.S. Government Plaintiff

☐ 3. U.S. Government Defendant

☐ 4. Diversity of Citizenship


IV. Citizenship of Principal Parties (for Diversity Cases Only)

☐ Plaintiff – Citizen of Michigan

☐ Defendant – Citizen of Michigan

(Not applicable in this case – federal question jurisdiction applies)


V. Origin (Check one)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District

☐ 6. Multidistrict Litigation


VI. Nature of Suit (Check one)

☒ 710 – Fair Labor Standards / Duty of Fair Representation

☐ 720 – Labor/Management Relations

☐ 740 – Railway Labor Act

☐ 751 – Family and Medical Leave Act

☐ 790 – Other Labor Litigation


VII. Cause of Action

Section 301 of the Labor Management Relations Act, 29 U.S.C. §185,

for violation of the Union's Duty of Fair Representation under 29 U.S.C. §159(a).


VIII. Requested in Complaint

☒ Jury Demand

☒ Monetary Relief

☒ Equitable Relief (Reinstatement, Restoration of Seniority)


IX. Related Cases (if any)

None known.


X. Signature

Signature of Plaintiff (Pro Se): _Joseph Hamilton_ (signature)

Printed Name: Joseph Hamilton

Date: 10/25/2025

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Joseph Hamilton*

**DEFENDANTS**
*WAW*

**(b)** County of Residence of First Listed Plaintiff *14547 Brookside Dr*
(EXCEPT IN U.S. PLAINTIFF CASES)
*Van Buren Township MI 48111*

County of Residence of First Listed Defendant *8000 East Jefferson*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Pro Se Joseph Hamilton*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: *Fair Labor Standards / Duty of fair Representation*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.　　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

　If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　　　Other than stated above, are there any pending or previously
　　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　　　it appears substantially similar evidence will be offered or the same
　　　　　　or related parties are present and the cases arise out of the same
　　　　　　transaction or occurrence.)

　If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

# Affidavit of Timeline and Damages

State of Michigan

County of Wayne

I, Joseph Hamilton, being duly sworn, depose and state as follows:

1. I make this affidavit based upon my own personal knowledge in support of my complaint against the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), its Region 1A, and Local 600.

2. I was employed by Ford Motor Company at the Dearborn Stamping Plant from approximately February 16, 2015, until my termination on September 30, 2021.

3. Beginning in or around October 2019, I was placed on medical leave due to serious health conditions, including cellulitis, radiculopathy, and lymphedema, as diagnosed and documented by my treating physician, Dr. Brian Kolender, M.D.

4. While on leave, I remained in contact with my supervisors and provided ongoing medical documentation. Despite this, Ford alleged that I failed to update my medical leave and subsequently terminated me for "failure to respond to a five-day quit notice."

5. The UAW filed Grievance No. L22RD11 on March 25, 2022, alleging unjust termination and seeking reinstatement with back pay and seniority restoration.

6. From the date of my termination through 2024, I was medically restricted from heavy physical labor. I made multiple attempts to communicate with the union and Ford, including certified letters and emails, regarding the status of my grievance and medical documentation.

7. On or about August 19, 2024, UAW Region 1A executed a settlement with Ford that was labeled a "Partial Grant," allowing reinstatement only if I passed a medical screening and signed a waiver forfeiting all back pay and grievance rights for twelve months.

8. On August 22, 2024, I attended the Ford medical evaluation and successfully passed, confirming my ability to return to work. At that time, I was unexpectedly presented with the waiver and pressured to sign it immediately. I refused because it was unfair and deprived me of my contractual and statutory rights.

9. On September 9, 2024, I received written notice that my grievance had been "settled and closed" because I did not sign the waiver.

10. I appealed this decision under Article 33 of the UAW Constitution on October 7, 2024. The final denial was issued on May 22, 2025.

11. From September 30, 2021, through the present date, I have suffered continuous loss of income, health benefits, and pension contributions. I estimate my lost wages and benefits as follows:

    ○ Lost wages: Approximately $*1500* per week x *209* weeks = $ *312,000.00*

    ○ Lost benefits (healthcare, dental, and retirement contributions): $ *50,000*

    ○ Out-of-pocket medical expenses due to lack of coverage: $ *4000*

12. In addition to financial losses, I experienced emotional distress, depression, and physical hardship caused by the union's failure to act fairly and protect my employment rights.

13. I continue to seek reinstatement with seniority and full restoration of benefits, as well as compensation for my financial and emotional losses caused by the UAW's actions.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this *25* day of *October* , 2025.

Van Buren Township, Michigan

*Joseph Hamilton*

Joseph Hamilton, Affiant

Subscribed and sworn to before me on this *25th* day of *October* , 2025.

Notary Public – State of Michigan

My Commission Expires: *12/25/2030*

Acting in the County of: *Wayne*

Sherri Clark
NOTARY PUBLIC - MICHIGAN
Wayne COUNTY
ACTING IN THE COUNTY OF *Wayne*
MY COMMISSION EXPIRES December 25, *2030*

*Sherri Clark        October 25, 2025*

# Affidavit Authenticating Communications and Evidence

State of Michigan

County of Wayne

I, Joseph Hamilton, being duly sworn, depose and state as follows:

1. I am over the age of eighteen and competent to testify to the matters contained herein. I make this affidavit of my own personal knowledge in support of my complaint against the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), its Region 1A, and Local 600.

2. I personally received, transmitted, or maintained custody of the communications, correspondence, and records referenced in r.y Complaint and attached as Exhibits A through I.

3. Each of the letters, emails, text messages, certified mail receipts, and documents referenced in my exhibits were created, sent, or received by me in the ordinary course of business related to my employment at Ford Motor Company and my grievance with the UAW.

4. On or about March 25, 2022, I received confirmation from my local union representative that Grievance No. L22RD11 had been filed on my behalf.

5. Between 2022 and 2024, I repeatedly contacted UAW representatives at both Local 600 and Region 1A by telephone, email, and certified mail to inquire about the status of my grievance. Copies of these messages and receipts are preserved and attached as part of my exhibits.

6. On or about August 19, 2024, I received documentation showing that my grievance was settled without my consent through a "Partial Grant." This document was signed by UAW Representative Gabe Solano and Ford management.

7. On August 22, 2024, I attended the Ford Dearborn DDMP medical evaluation. At that time, I was handed a "Reinstatement Waiver" form that I had not seen before. I refused to sign the waiver and documented the incident immediately afterward.

8. On September 9, 2024, I received written notice from the UAW stating that my grievance had been "settled and closed." I retained this letter as part of my records.

9. On October 7, 2024, I sent a formal Article 33 appeal by certified mail to the UAW President, Shawn Fain. I retained copies of both the appeal and the certified mail tracking receipt, which confirm that the appeal was received by the International Union

on October 8, 2024.

10. On February 26, 2025, I received an acknowledgment of my appeal from the UAW President's Office. On May 22, 2025, I received the final denial letter from the International Executive Board, which concluded the union's internal appeal process.

11. All copies of letters, emails, certified receipts, and correspondence included in my exhibits are true and accurate reproductions of the originals in my possession. They have not been altered or modified in any way.

12. I make this affidavit to verify and authenticate the documentary evidence attached to my complaint and to confirm that all statements and communications are genuine, contemporaneous, and personally maintained by me.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _25_ day of _October_, 2025.

Van Buren Township, Michigan

_Joseph Hamilton_

Joseph Hamilton, Affiant

Subscribed and sworn to before me on this _25th_ day of _October_, 2025.

Notary Public – State of Michigan

My Commission Expires: _12/25/2030_

Acting in the County of: _Wayne_

Sherri Clark
NOTARY PUBLIC - MICHIGAN
Wayne COUNTY
ACTING IN THE COUNTY OF _Wayne_
MY COMMISSION EXPIRES December 28, _2030_

_Sherri Clark      October 25, 2025_

# Affidavit of Exhaustion of Internal Remedies

State of Michigan

County of Wayne

I, Joseph Hamilton, being duly sworn, depose and state as follows:

1. I am over the age of eighteen and competent to testify to the matters stated herein. I make this affidavit of my own personal knowledge in support of my complaint against the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), its Region 1A, and Local 600.

2. I was employed by Ford Motor Company at the Dearborn Stamping Plant from approximately February 2015 until September 30, 2021, and was represented by UAW Local 600 during that time.

3. Following my termination, UAW Local 600 filed Grievance No. L22RD11 on March 25, 2022, contesting Ford's decision and seeking reinstatement with back pay and restoration of seniority.

4. On or about August 19, 2024, UAW Region 1A Representative Gabe Solano executed a settlement with Ford Motor Company without my prior consent. This settlement required me to sign a "Reinstatement Waiver" that would have forfeited my right to back pay, reinstatement benefits, and any future grievance rights for twelve months.

5. I did not agree to those terms and refused to sign the waiver on August 22, 2024.

6. On September 9, 2024, I received written notice from the UAW stating that my grievance was "settled and closed," even though I never consented to or signed the waiver.

7. On October 7, 2024, I filed a written appeal under Article 33 of the UAW Constitution with the UAW President, Shawn Fain, challenging the improper settlement of my grievance.

8. The UAW President's Office acknowledged receipt of my appeal on February 26, 2025. On May 22, 2025, I received a final denial letter from the International Executive Board stating that the settlement was not "devoid of a rational basis."

9. This final denial constituted the exhaustion of all internal union remedies available to me under Article 33 of the UAW Constitution.

10. I am now pursuing this civil action to challenge the UAW's arbitrary and bad-faith conduct, having fully exhausted all internal procedures.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 25 day of October , 2025.

Van Buren Township, Michigan

Joseph Hamilton, Affiant

Subscribed and sworn to before me on this 25th day of October , 2025.

Notary Public – State of Michigan

My Commission Expires: 12/25/2030

Acting in the County of: Wayne

Sherri Clark
NOTARY PUBLIC - MICHIGAN
Wayne COUNTY
ACTING IN THE COUNTY OF Wayne
MY COMMISSION EXPIRES December 28, 2030

Sherri Clark    October 25, 2025

# EXHIBIT A

Termination Notice – September 30, 2021

*Attachment 1*



**Ford Motor Company**
**Plant Human Resources**

Rouge Site Labor Relations
3001 Miller Road
Dearborn, MI 48212

August 24, 2021

Joseph Hamilton
Global ID: 2003443
14547 Brookside DR
Belleville, MI 48111

Dear Joseph:

Our Disability Claims Carrier has determined that the statement from your doctor either has not been received or does not contain sufficient information to justify your continued absence. Consequently, we are unable to approve your need for continued absence.

If you do not, within five days from the date above, either report to the Human Resources Department or notify us in writing a satisfactory reason for your absence, your employment will be terminated with a loss of seniority (unless it is impossible for you to comply with the above).

If you are unable to work because of continued illness or injury, you have the right to apply for time off under the Family and Medical Leave Act (FMLA) per the information you were provided in the FMLA package you received at the beginning of your medical leave. You must make application within five days from the date of this letter. If you meet the eligibility criteria and your condition is determined to be FMLA qualifying, your time off will be covered.

To contact the Human Resources Office, email rougehr@ford.com.  I will respond during normal business hours Monday-Friday.  Please be sure to include your name, Global ID, location and phone number where you may be reached within the email correspondence.

Sincerely,

·Shelley M Gentry
Human Resources

Cc: Jeff Hodges

Certified Mail Tracking Number: 9214 8901 8827 2800 1200 68

*Attachment 3*

# EXHIBIT B

Grievance L22RD11 – March    25, 2022

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 1

### UNION GRIEVANCE
(Grievance Starting Second Stage Only)

Grievance L22RD11

Bldg. or Unit DSP
Date

Local No. 600

EMPLOYEE
NAME JOSEPH HAMILTON

Badge No 2003443

SHIFT 3RD SHIFT          SENIORITY 02/16/2015          Dept 52213B

CLASSIFICATION IN PROGRESSION ADJ RATE

EMPLOYEE
SIGNED *[signature]*

NOT NECESSARY TO FILL IN ENCLOSED SPACE WHEN GRIEVANCE CONCERNS
UNION RIGHT ONLY

Date Stamp Submission

*[stamp]* 3-25-22

NATURE OF GRIEVANCE: UNJUST DISCIPLINE/ TERMINATION

VIOLATION OF ARTICLE: ARTICLE 4                    Section: SECTION 3

STATEMENT OF CASE:   The Union protest the Company's actions of an Unjust Discipline/Termination to the aggrieved Joseph Hamilton. The aggrieved was out on an approved medical when Unicare did not update his medical dates in a timely manner causing the Company to send a 5-day quit letter according to the Company. The letter was never received by the aggrieved and he had no idea he was termination until he was told by his doctor he had no insurance. The aggrieved never respond to Ford Motor Company and the Labor Department because he did not receive the 5-Day letter. The Union demands the aggrieved be reinstated to his former classification, pay rate, full seniority and be made whole of all lost wages for this unjust discipline. The aggrieved requested this Grievance March 23, 2022.

THE ADJUSTMENT REQUESTED:  The aggrieved be reinstated to his former classification, pay rate, full seniority and be made whole of all lost wages for this unjust discipline.

SIGNED (BARGAINING COMMITTEE): ROBERT DALEY, MARK THORTON *[signature]*

Date Stamp Disposition

DISPOSITION BY COMPANY

(SIGNED)

Page 1

8

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano

Union Facts to Grievance

Mr. Hamilton had been out on a personal medical. He and or his doctor failed to provide Unicare with updated information in a timely manner. DSP Labor processed a 5-day notice, sent the letter and it was signed by someone at his home address (signed letter is included). Afterward, Mr. Hamilton never responded.

Aprox. 5 months later, Mr. Hamilton contacted us requesting a grievance be filed on his behalf. We then processed him a 2nd stage grievance seeking reinstatement, but only after he had requested it on March 23rd of 2022, approx. five months after the signing of the 5-day notice and is stated in writing on the 2nd stage grievance.

I had tried to get them to budge at reinstating Mr. Hamilton mutable times, we tabled his grievance each time that they refused to budge. From what I'm being told, even if we get them past the 5-day notice failure to respond issue, he has gone time for time with his Personal Medical.

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano



Date Produced: 08/30/2021

FORD MOTOR CO:

The following is the delivery information for Certified Mail™/RRE Item number 9214 8901 8827 2800 1200 68. Our records indicate that this item was delivered on 08/26/2021 at 11:48 a.m. in BELLEVILLE, MI 48111. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :     14547 BROOKSIDE DR VAN
                           BUREN TWP, MI 48111

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

JOSEPH HAMILTON
14547 BROOKSIDE DR
BELLEVILLE MI 48111

Customer Reference Number:     C2892115.16619808

Page 3

**Joseph Hamilton, Member, UAW Local Union 600, Pegion 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 2

This document is now complete.

CLOSE

Docusign Envelope ID: A57PB80C-B03B-4B31-9FF6-D3E588B5D630

*Ford*

Mr. Gabe Solano                                                                                                      August 19, 2024
UAW Region 1A Service Representative
9650 Telegraph Road
Taylor, Michigan 48180

Subject:     3rd Stage Grievance Disposition

| Aggrieved | Grievance | Disposition |
|---|---|---|
| Hamilton, Joseph | L22RD11 | Partial Grant |
| GID 002003443 | | |
| FSD 2/16/2015 | | |

Without precedence, after review of the facts of the case, the following grievance is Partially Granted.

The Company exercised their right under the 2019 UAW-Ford CBA, Vol. I, Article IV, Section3, entitled Discipline and Discharge and Article VIII, Section 30, Medical Leaves of Absence. Aggrieved did not update their medical leave within the confines of the national language.

However, after review of the case the Company has agreed to a Partial Grant of Reinstatement, no backpay of wages, bonuses or any other type of compensation.

- Aggrieved must successfully pass all medical screenings before August 23, 2024, with an effective return to work date no later than September 8, 2024.
- Reinstatement includes a 12-month standard reinstatement waiver, effective the day the Aggrieved returns to work.
- Failure to return to work within the confines with this agreement will result in this disposition settlement considered settled and closed with no further action or agreements.

This Partial Grant does not in any way condone the actions of the aggrieved which resulted in the Discharge on September 30, 2021.

Date:   August 19, 2024

Docusigned by:
*Maria Watson*

Maria Watson
HR Director, Rouge Site

Signed by:
*Gabe Solano*

Gabriel Solano
UAW Region 1A Service Representative

11

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano

## EXHIBIT 3



IN REPLY REFER TO
LAURA DICKERSON
Director, Region 1A, UAW
9860 S. Telegraph Road
Phone (313) 291-2750
Fax (313) 291-2269



INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW

SHAWN FAIN, *PRESIDENT*   •   MARGARET MOCK, *SECRETARY-TREASURER*
VICE-PRESIDENTS: CHUCK BROWNING  •  MIKE BOOTH  •  RICH BOYER

August 12, 2024

Joseph Hamilton, Member
UAW Local 600 Dearborn Stamping
14547 Brookside Drive
Belleville, MI  48111

CERTIFIED MAIL
7022 2410 0003 3916 4396

Re:   Grievance #L22RD11

Dear Brother Hamilton:

The grievance that was filed on your behalf has been resolved. Once you have undergone a medical evaluation, you will be reinstated and placed into an open position with no back wages and no loss of seniority.

The Company has all your information and will contact you to schedule the dates and times for your medical evaluation. If you have not been contacted by the Company by August 20, 2024, please feel free to contact my office at 313-291-2750.

In solidarity,

Gabriel Solano
International Representative
UAW Region 1A

GS:ras
opelu494afl-cio

cc:   Laura Dickerson
      Dave Pagac

12



IN REPLY REFER TO *Attachment*
LAURA DICKERSON
Director, Region 1A, UAW
9650 S. Telegraph Road
Phone (313) 291-2750
Fax (313) 291-2269

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA — UAW**

SHAWN FAIN, *PRESIDENT*  •  MARGARET MOCK, *SECRETARY-TREASURER*
VICE-PRESIDENTS: CHUCK BROWNING  •  MIKE BOOTH  •  RICH BOYER

August 12, 2024

Joseph Hamilton, Member
UAW Local 600 Dearborn Stamping
14547 Brookside Drive
Belleville, MI 48111

CERTIFIED MAIL
7022 2410 0003 3916 4396

Re:   Grievance #L22RD11

Dear Brother Hamilton:

The grievance that was filed on your behalf has been resolved. Once you have undergone a medical evaluation, you will be reinstated and placed into an open position with no back wages and no loss of seniority.

The Company has all your information and will contact you to schedule the dates and times for your medical evaluation. If you have not been contacted by the Company by August 20, 2024, please feel free to contact my office at 313-291-2750.

In solidarity,

Gabriel Solano
International Representative
UAW Region 1A

GS:ras
opeiu494afl-cio

cc:   Laura Dickerson
      Dave Pagac

# EXHIBIT C

Third Stage Partial Grant – August 19, 2024

*Attachment 11*

CLOSE

Document Envelope ID: A57FB68C-E038-4331-9FF6-D3E58BB5D630



Mr. Gabe Solano
UAW Region 1A Service Representative                                         August 19, 2024
9650 Telegraph Road
Taylor, Michigan 48180

Subject:        3rd Stage Grievance Disposition

| Aggrieved | Grievance | Disposition |
|-----------|-----------|-------------|
| Hamilton, Joseph | L22RD11 | Partial Grant |
| GID 002003443 | | |
| FSD 2/16/2015 | | |

Without precedence, after review of the facts of the case, the following grievance is Partially Granted.

The Company exercised their right under the 2019 UAW-Ford CBA, Vol. I, Article IV, Section3, entitled Discipline and Discharge and Article VIII, Section 30, Medical Leaves of Absence. Aggrieved did not update their medical leave within the confines of the national language.

However, after review of the case the Company has agreed to a Partial Grant of Reinstatement, no backpay of wages, bonuses or any other type of compensation.

- Aggrieved must successfully pass all medical screenings before August 23, 2024, with an effective return to work date no later than September 3, 2024.
- Reinstatement includes a 12-month standard reinstatement waiver, effective the day the Aggrieved returns to work.
- Failure to return to work within the confines with this agreement will result in this disposition settlement considered settled and closed with no further action or agreements.

This Partial Grant does not in any way condone the actions of the aggrieved which resulted in the Discharge on September 30, 2021.

Date:    August 19, 2024


*Maria Watson*

Maria Watson
HR Director, Rouge Site


*Gabe Solano*

Gabriel Solano
UAW Region 1A Service Representative



Attachment 1C

IN REPLY REFER TO
LAURA DICKERSON
Director, Region 1A, UAW
9650 S. Telegraph Road
Phone (313) 291-2750
Fax (313) 291-2269



**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA — UAW**

SHAWN FAIN, *PRESIDENT*   •   MARGARET MOCK, *SECRETARY-TREASURER*

VICE-PRESIDENTS: CHUCK BROWNING   •   MIKE BOOTH   •   RICH BOYER

September 9, 2024

Joseph Hamilton, Member
UAW Local 600 Dearborn Stamping
14547 Brookside Drive
Belleville, MI  48111

CERTIFIED MAIL
7022 2410 0003 3916 3771

Re:     Grievance #L22RD11

Dear Brother Hamilton:

The Union filed grievance L22RD11 on your behalf and after several meetings with Human Resource Manager Maria Watson at the Ford Dearborn Location a partial grant was agreed upon (letter enclosed).

On August 12, 2024, a letter was sent to your last known address detailing your next steps to reinstatement (letter enclosed). During the reinstatement process you refused to sign the terms of the partial grant. Therefore, the Union considers grievance L22RD11 settled and closed.

In solidarity,

Gabriel Solano
International Representative
UAW Region 1A

GS:ras
opelu494afl-cio

cc:     Laura Dickerson
        Dave Pagac

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 6

**Solano, Gabe**

| | |
|---|---|
| **From:** | Watson, Maria (M.N.) <mgarza3@ford.com> |
| **Sent:** | Saturday, September 7, 2024 11:42 AM |
| **To:** | Solano, Gabe |
| **Cc:** | Hodges, Jeffery (J.L.); Watson, Maria (M.N.) |
| **Subject:** | FW: Hamilton Disposition |
| **Attachments:** | DSP_3rd_Stage_L22RD11_Hamilton_Joseph_Partial_Grant.docx.pdf |

Hi Gabe,

I apologize for not responding sooner this week. However, I did some additional research on the discussion and request we had regarding the Partial Grant on Grievance L22RD11, aggrieved Joseph Hamilton. The following are some updates and information:

- Personnel Records – The aggrieved will need to contact Labor Relations and provide a written request to obtain a copy of his personnel record. The request will be shared with the Office of the General Counsel and will be provided to the aggrieved. The aggrieved may then share it with you.

| PLANT NAME | EMAIL ADDRESS | PHONE NUMBER |
|---|---|---|
| Dearborn Stamping Plant (DSP) | DSPHR@FORD.COM | 313-323-9021 |

- Please explain to the aggrieved that the grievance was settled between the parties and the only way that it can be heard again is for the grievance to be reinstituted through the process as outlined in the LOU in Volume IV-A.
- The grievance will need to go to the Executive Board. If it is appealed, NFD and the Company's Arbitration department will proceed with next steps. Unfortunately, what the aggrieved is not asking is not contractual.

I am happy to discuss further, thank you.



**Maria Watson**
HR Director, Rouge Site
*DDMP, DEP, DSP, DTD, WFP, FRCSS, WHQ VSC, HP*

Rouge HR Dept: 313-322-9021 | ROUGEHR@ford.com
Cell: 734-899-0120 | mgarza3@ford.com

*The contents of this email are PRIVILEGED AND CONFIDENTIAL. If you have received it in error, please delete it immediately and notify the sender.*

 Visit www.careers.ford.com to join the Ford Family!

1

# EXHIBIT D

Reinstatement Waiver – August 26, 2024

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 4

*Attachment 7*



Reinstatement Waiver

Name: Hamilton, Joseph          GID:   2003443          Effective Date: 8/26/2024

In consideration of my reinstatement, without loss of seniority, as an employee of the Ford Motor Company, I, Joseph Hamilton, hereby agree to the following:

(a) I waive and release all rights, including back pay, which I may have for the period beginning with my discharge (termination) and ending with my reinstatement.

(b) The time I have lost shall be counted as days of absence from my regularly scheduled work, for purposes of computing my vacation eligibility and any payment   or benefit to which I am otherwise entitled.

(c) This reinstatement does not in any way condone the action that resulted in my discharge (termination) and it is not intended that this reinstatement will retroactively convert my discharge (termination) to a disciplinary layoff.

(d) Upon my return to work, I shall be regarded, for disciplinary purposes, as being on probation for a period of twelve (12) months from the effective date of this waiver and that I shall not have access to the grievance procedure to protest the reasonableness of any disciplinary penalty, including discharge that I may receive for this twelve (12) month period for any infraction of Company rules or misconduct. This waiver also precludes me from the allowable employee absences and established disciplinary progression of the National Attendance Program. However, I am not prohibited from processing a grievance on the question of guilt or innocence if I believe I am innocent of the charge.

(e) As a condition of this waiver, I am not permitted any chargeable absences or unpaid time off (excluding approved FMLA) during my probationary period. I understand that I must comply with my department's procedure for requesting time off from work and am not subject to the National Attendance Program for the duration of this waiver. Any violation of this condition will result in my termination from the Company

Employee Initials: _____
Union Initials: _____
Labor Relations Initials: _____

Page 1 of 2

Page 1

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

*Attachment 8*

(f) I understand that all time off work due to layoff, medical leave or personal leave during the period of this waiver will be excluded from consideration under this waiver and will extend the duration of this waiver by an identical number of working days.

(g) I understand that my reinstatement is pending fitness for duty physical and drug screen.

(h) I understand that upon my reinstatement, I will be placed on available work for the duration of the probationary period.

(i) This is in full settlement of Grievance No. L22RD11.

SIGNATURES:                                                          DATE:

Employee

HR Associate – Labor Relations

UAW Bargaining Representative

Employee Initials: _____
Union Initials: _____
Labor Relations Initials: _____

Page 2 of 2

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 5

**McRae, Jennifer (J.)**

| | |
|---|---|
| From: | Yoram, Nardian (N.) |
| Sent: | Thursday, October 31, 2024 3:38 PM |
| To: | McRae, Jennifer (J.) |
| Cc: | Wooten, Deshundria (D.) |
| Subject: | RE: Joseph Hamilton Grievance #L22RD11 |

Hello Deshundria –

This is to follow up on the reinstatement grievance that was scheduled to take place on Thursday, August 22nd, 2024. The Labor Relations Office did agree to postpone the hearing until Monday, August 26th, 2024. The employee made no attempt to contact the Labor Relations Office to provide us with a response for grievance #L22RD11. After a follow up discussion with yourself, you have confirmed the aggrieved employee never followed up with you. The aggrieved claimed he was waiting to get in touch with Gabe Solano to answer questions about the terms of the agreement before signing off on settled grievance #L22RD11.

Thank You,
Nardian Yoram
Labor Relations Representative, Rouge Site
3001 Miller Road | Dearborn Engine Plant | Dearborn, MI 48121
Phone: 313-322-9023
Email: nyoram@ford.com

From: Yoram, Nardian (N.)
Sent: Thursday, August 22, 2024 3:07 PM
To: Watson, Maria (M.N.) <mgarza3@ford.com>; Giordano, Mary Beth (.) <mfilnt6@ford.com>
Cc: Wooten, Deshundria (D.) <DWOOTEN5@ford.com>
Subject: Joseph Hamilton Grievance #L22RD11
Importance: High

Hello Team –

Per our discussion today for the reinstatement hearing of Joseph Hamilton GID 2003443 that was scheduled to take place on Thursday, August 22nd, 2024. The Labor Relations Office has agreed to postpone this hearing until Monday, August 26th, 2024. The aggrieved employee will have until Monday, August 26th, 2024 to respond back to the Labor Relations Office accepting and signing off to the terms of the settled grievance #L22RD11. If the aggrieved employee choses not to sign off and agree to the terms of the reinstatement the grievance will be considered closed and the employee will remain terminated from Ford Motor Company.

Thank You,
Nardian Yoram
Labor Relations Representative, Rouge Site
3001 Miller Road | Dearborn Engine Plant | Dearborn, MI 48121
Phone: 313-322-9023
Email: nyoram@ford.com

1

15

*Attachment 9*

**Yoram, Nardian (N.)**

| | |
|---|---|
| **From:** | Yoram, Nardian (N.) |
| **Sent:** | Thursday, August 22, 2024 3:07 PM |
| **To:** | Watson, Maria (M.N.); Giordano, Mary Beth (.) |
| **Cc:** | Wooten, Deshundria (D.) |
| **Subject:** | Joseph Hamilton Grievance #L22RD11 |
| | |
| **Importance:** | High |

Hello Team –

Per our discussion today for the reinstatement hearing of Joseph Hamilton GID 2003443 that was scheduled to take place on Thursday, August 22nd, 2024. The Labor Relations Office has agreed to postpone this hearing until Monday, August 26th, 2024. The aggrieved employee will have until Monday, August 26th, 2024 to respond back to the Labor Relations Office accepting and signing off to the terms of the settled grievance #L22RD11. If the aggrieved employee choses not to sign off and agree to the terms of the reinstatement the grievance will be considered closed and the employee will remain terminated from Ford Motor Company.

Thank You,
**Nardian Yoram**
**Labor Relations Representative, Rouge Site**
3001 Miller Road |  Dearborn Engine Plant  |  Dearborn, MI 48121
Phone: 313-322-9023
Email: nyoram@ford.com

734 320 4389

# EXHIBIT E

Dr. Kolender Letter – August 27, 2024

*Attachment 12*

Dr. Brian Kolender MD
Dr. Ryan Abboud DO







BY KOLENDER

August 27, 2024

Re: Joseph Hamilton
DOB: 03/23/1974

To Whom It May Concern,

Mr. Hamilton has been under my care. In August 2021 Mr. Hamilton was deemed medically unfit to work. Due to excessive pain and swelling in his lower limbs. His diagnosis of Cellulitis L03.119, Radiculopathy M54.12 and Lymphedema I89.0 all contribute to his medical dismissal from work.
Please feel free to contact my office with any questions or concerns.

Best Regards,

Dr. Brian Kolender, M.D

31500 Telegraph Rd #130 Bingham Farms MI, 48075
(P)248-737-0091 (F) 248-792-2629

# EXHIBIT F

UAW Closure Letter –     September 9, 2024

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano

**EXHIBIT 7**



IN REFER ER TO
LAURA DICKERSON
Director, Region 1A, UAW
9860 S. Telegraph Road
Phone (313) 291-2760
Fax (313) 291-2269

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA –

SHAWN FAIN, *PRESIDENT*   •   MARGARET MOCK, *SECRETARY-TREASURER*
VICE-PRESIDENTS: CHUCK BROWNING   •   MIKE BOOTH   •   RICH BOYER

September 9, 2024

Joseph Hamilton, Member
UAW Local 600 Dearborn Stamping
14547 Brookside Drive
Belleville, MI 48111

CERTIFIED MAIL
7022 2410 0003 3916 3771

Re:    Grievance #L22RD11

Dear Brother Hamilton:

The Union filed grievance L22RD11 on your behalf and after several meetings with Human Resource Manager Maria Watson at the Ford Dearborn Location a partial grant was agreed upon (letter enclosed).

On August 12, 2024, a letter was sent to your last known address detailing your next steps to reinstatement (letter enclosed). During the reinstatement process you refused to sign the terms of the partial grant. Therefore, the Union considers grievance L22RD11 settled and closed.

In solidarity,

Gabriel Solano
International Representative
UAW Region 1A

GS:ras
opeiu494afl-cio

cc:    Laura Dickerson
       Dave Pagac

17

# EXHIBIT G

Article 33 Appeal – October 7, 2024

Mr. Joseph Hamilton
14547 Brookside Drive
Van Buren Twp, MI. 48111


DATED; 10/03/2024


Shawn Fain, president
UAW SOLIDARITY HOUSE
8000 east Jefferson Avenue
Detroit, Michigan 48214


RE:     Article 33, of UAW constitution
        From and contents of appeal.
        To grievance; # L22RDJ1


Dear, President Shawn Fain

        This letter is in support of filing an appeal claim and an
investigation of my wrongful and unlawful termination, unfair labor
practice, and related unfair treatment by both Ford Motor Company and
the United Auto Workers Union, out of Local 600, Also Labor relations
at Ford Motor company Dearborn Michigan.

        I was hired as an hourly worker, Materials Planning and Logistics,
UAW Local 600 at the Dearborn Stamping Plant in Dearborn, Michigan
beginning 02-16-2015. I worked full time from February 2015 through
October 2019 with my seniority at 4 years and 7 months.

        In October of 2019, I was placed under doctor's care on a medical
leave of absence. I did not return to work. In accordance with Ford
Motor Company policy, after one year of medical (approximately
October 2020); I applied for Social Security Disability. I was under
doctor's care when I was approved for Social Security Disability.

        I received a letter from Ford Motor Company dated 08-24-2021
(attachment 1) informing me to contact Human Resources; return to
work within 5 days, or be terminated. By union contract, the minimum
Ford Motor Company should be required to maintain my employment,
even while on a medical leave of absence is the length of my service.

My active service was approximately 4 years 7 months beginning February 2015. Therefore, in honor of my seniority, the earliest Ford Motor Company should be seeking potential status, if warranted would definitely not happen in August of 2021; less than two years after the medical leave of absence began in October 2019. There could have been an opportunity to return to work with restrictions at a later date.

Upon receipt of this letter, I reached out my UAW Representative at Dearborn Stamping Plant Mark Thornton (08-30-2021 @ 9:00 am) by text message 248-242-3441 and 313-248-4995 numerous times (attachments 2, 3). There was no response from the UAW.

I contacted Unicare, a third party which pays sick and accident to Ford hourly employees on September 11, 2021 to provide proof I was still under doctor's care (attachment 3). For the next several weeks my text messages and telephone calls to the UAW Representative Mark Thornton went unanswered.

Mr. Gabriel Solano implied I have nothing to fight with against, [attachment 1] by phone. I responded to him I will get a copy of the doctor's excuse from Primary care Doctor for justification in the matter. See, [attachment 12]. I obtain information from my doctor, and return it to region 1A Receptionist as Gabriel Solano instructed me. And email him as well.

The point is there is too charges in one grievance. If Gabriel Solano would have investigated with Unicare it would have shown him that I was still under the care of my doctor. The memo from my doctor would have been more than enough information from the disconnect between Medical and Labor, that he received from my doctor's memo. In told the doctor's memo would have made cleared the second charge within the same grievance.
    Which I should not be subjected to a WAIVER and loss of any rights. Etc..

I don't know the exact date, and I don't have a copy of the documentation; but allegedly the UAW filed Grievance #L22RD11 on my behalf to allow me to return to work. I received a letter dated August 12, 2024 from the UAW indicating the grievance has been resolved pending a medical evaluation with no back wages and no loss in seniority; whereby I could fill an open position, signed by Gabriel Solano International Representative UAW Region 1A (attachment 4).

Soon thereafter, on 08-22-2024 I went to the Ford Motor Company DDMP site on Miller Road, expecting the medical evaluation as indicated in the letter from the UAW (dated 08-12-2024). I passed the

medical evaluation, as evidenced and signed 08-22-2024 (attachments 5 and 6).

Upon completion of the medical evaluation, with no prior knowledge, Medical Department staff informed me that I need to attend a reinstatement waiver hearing – while still at the DDMP site. The UAW sent a representative. I was not informed of a Waiver Hearing, nor was I previously informed of a Reinstatement Waiver. I was ambushed with a two-page document of additional conditions whereby I was expected to TRUST THEM, SIGN and wait for a telephone call (attachments 7 and 8).

While ending of the reinstatement waiver hearing. I Joseph Hamilton; stated that I'm not refusing work!!! But I'm not in agreement with this reinstatement waiver. On 8/22/2024 at DDMP.

Apparently, Ford Motor Company (Maria Watson, Ford HR Manager) and the UAW International (Gabriel Solano) made a side agreement, of which I was not made aware, and I did not agree to. Further, I did not receive a copy of the grievance. It further implies that grievance #L22RD11 is closed pending signing of the Reinstatement Waiver.

For your review a copy of the Reinstatement Waiver with Ford Logo is included (attachments 7 and 8). Some of the conditions included: 1) waive my right to back pay, 2) probationary for 12 months, with no access to the grievance procedure, 3) no unpaid time off, and several other conditions with no regard to seniority. Honestly, which such outrageous conditions, and the fact that I did not do anything wrong, I would be concerned for my safety under these conditions.

On 08-22-2024, Ford Labor Relations Nardian Yoram provided, by memo three days for me to reach out to UAW International, Gabriel Solano for discussion of the terms of the Reinstatement Waiver that I did not sign (attachment 9). A UAW Representative (name unknown) also signed the memo which indicated, if the grievance is not resolved, I would remain terminated from Ford Motor Company.

By certified mail, I received a letter from UAW International Gabriel Solano dated 09-09-2024 acknowledging several meetings with Ford HR, and closing and settling the grievance L22RD11 (attachment 10). Also included is a memo dated 08-19-2024 signed by Solano and Watson, previously unknown to me (attachment 11).

The documentation should provide a timeline where the UAW and Ford Motor Company worked together to violate my rights as a union member, and employee of Ford Motor Company. The UAW ignored my

seniority and member rights, as a due paying member.  Documentation suggests there were side agreements made which suggests they were unlawful otherwise full disclosure of the proposed terms would have been clarified, especially the Reinstatement Waiver, and the forfeiture of employee rights.

I am seeking a thorough investigation and financial compensation from approximately October 2020 thru May 2024 (my earned seniority minus one-year medical leave) to be made whole as follows;

It imperative I receive everything deem worthy in this matter seen and unseen. Etc. etc....

Your consideration is greatly appreciated.  Should you have any questions or require additional information, I can be reached by telephone or text at (734) 307-9137. Thank you.

Sincerely,

Joseph Hamilton

*[signature]*

10-4-2024

attachments:12

*[signature: Sherri Clark]*

Sherri Clark
NOTARY PUBLIC - MICHIGAN
Wayne COUNTY
ACTING IN THE COUNTY OF: Wayne
MY COMMISSION EXPIRES December 28,

Oct 6, 2024

12|28|30

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## EXHIBIT 8

RECEIVED

OCT 08 2024

President's Office

Mr. Joseph Hamilton
14547 Brookside Drive
Van Buren Twp, MI. 48111

DATED; 10/03/2024

Shawn Fain, president
UAW SOLIDARITY HOUSE
8000 east Jefferson Avenue
Detroit, Michigan 48214

RE:     Article 33, of UAW constitution
From and contents of appeal.
To grievance; # L22RD11 .

Dear, President Shawn Fain

This letter is in support of filing an appeal claim and an investigation of my wrongful and unlawful termination, unfair labor practice, and related unfair treatment by both Ford Motor Company and the United Auto Workers Union, out of Local 600, Also Labor relations at Ford Motor company Dearborn Michigan.

I was hired as an hourly worker, Materials Planning and Logistics, UAW Local 600 at the Dearborn Stamping Plant in Dearborn, Michigan beginning 02-16-2015. I worked full time from February 2015 through October 2019 with my seniority at 4 years and 7 months.

In October of 2019, I was placed under doctor's care on a medical leave of absence. I did not return to work. In accordance with Ford Motor Company policy, after one year of medical (approximately October 2020); I applied for Social Security Disability. I was under doctor's care when I was approved for Social Security Disability.

I received a letter from Ford Motor Company dated 08-24-2021 (attachment 1) informing me to contact Human Resources, return to work within 5 days, or be terminated. By union contract, the minimum Ford Motor Company should be required to maintain my employment, even while on a medical leave of absence is the length of my service.

Page 1

18

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano

My active service was approximately 4 years 7 months beginning February 2015. Therefore, in honor of my seniority, the earliest Ford Motor Company should be seeking potential status, if warranted would definitely not happen in August of 2021; less than two years after the medical leave of absence began in October 2019. There could have been an opportunity to return to work with restrictions at a later date.

Upon receipt of this letter, I reached out my UAW Representative at Dearborn Stamping Plant Mark Thornton (08-30-2021 @ 9:00 am) by text message 248-242-3441 and 313-248-4995 numerous times (attachments 2, 3). There was no response from the UAW.

I contacted Unicare, a third party which pays sick and accident to Ford hourly employees on September 11, 2021 to provide proof I was still under doctor's care (attachment 3). For the next several weeks my text messages and telephone calls to the UAW Representative Mark Thornton went unanswered.

Mr. Gabriel Solano implied I have nothing to fight with against, [attachment 1] by phone. I responded to him I will get a copy of the doctor's excuse from Primary care Doctor for justification in the matter. See, [attachment 12]. I obtain information from my doctor, and return it to region 1A Receptionist as Gabriel Solano instructed me. And email him as well.

The point is there is too charges in one grievance. If Gabriel Solano would have investigated with Unicare it would have shown him that I was still under the care of my doctor. The memo from my doctor would have been more than enough information from the disconnect between Medical and Labor, that he received from my doctor's memo. In told the doctor's memo would have made cleared the second charge within the same grievance.
Which I should not be subjected to a WAIVER and loss of any rights. Etc..

I don't know the exact date, and I don't have a copy of the documentation; but allegedly the UAW filed Grievance #L22RD11 on my behalf to allow me to return to work. I received a letter dated August 12, 2024 from the UAW indicating the grievance has been resolved pending a medical evaluation with no back wages and no loss in seniority; whereby I could fill an open position, signed by Gabriel Solano International Representative UAW Region 1A (attachment 4).

Soon thereafter, on 08-22-2024 I went to the Ford Motor Company DDMP site on Miller Road, expecting the medical evaluation as indicated in the letter from the UAW (dated 08-12-2024). I passed the

Page 2

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

medical evaluation, as evidenced and signed 08-22-2024 (attachments 5 and 6).

Upon completion of the medical evaluation, with no prior knowledge, Medical Department staff informed me that I need to attend a reinstatement waiver hearing – while still at the DDMP site. The UAW sent a representative. I was not informed of a Waiver Hearing, nor was I previously informed of a Reinstatement Waiver. I was ambushed with a two-page document of additional conditions whereby I was expected to TRUST THEM, SIGN and wai. for a telephone call (attachments 7 and 8).

While ending of the reinstatement waiver hearing. I Joseph Hamilton; stated that I'm not refusing work!!! But I'm not in agreement with this reinstatement waiver. On 8/22/2024 at DDMP.

Apparently, Ford Motor Company (Maria Watson, Ford HR Manager) and the UAW International (Gabriel Solano) made a side agreement, of which I was not made aware, and I did not agree to. Further, I did not receive a copy of the grievance. It further implies that grievance #L22RD11 is closed pending signing of the Reinstatement Waiver.

For your review a copy of the Reinstatement Waiver with Ford Logo is included (attachments 7 and 8). Some of the conditions included: 1) waive my right to back pay, 2) probationary for 12 months, with no access to the grievance procedure, 3) no unpaid time off, and several other conditions with no regard to seniority. Honestly, which such outrageous conditions, and the fact that I did not do anything wrong, I would be concerned for my safety under these conditions.

On 08-22-2024, Ford Labor Relations Nardian Yoram provided, by memo three days for me to reach out to UAW International, Gabriel Solano for discussion of the terms of the Reinstatement Waiver that I did not sign (attachment 9). A UAW Representative (name unknown) also signed the memo which indicated, if the grievance is not resolved, I would remain terminated from Ford Motor Company.

By certified mail, I received a letter from UAW International Gabriel Solano dated 09-09-2024 acknowledging several meetings with Ford HR, and closing and settling the grievance L22RD11 (attachment 10). Also included is a memo dated 08-19-2024 signed by Solano and Watson, previously unknown to me (attachment 11).

The documentation should provide a timeline where the UAW and Ford Motor Company worked together to violate my rights as a union member, and employee of Ford Motor Company. The UAW ignored my

Page 3

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

seniority and member rights, as a due paying member.  Documentation suggests there were side agreements made which suggests they were unlawful otherwise full disclosure of the proposed terms would have been clarified, especially the Reinstatement Waiver, and the forfeiture of employee rights.

I am seeking a thorough investigation and financial compensation from approximately October 2020 thru May 2024 (my earned seniority minus one-year medical leave) to be made whole as follows:

It imperative I receive everything deem worthy in this matter seen and unseen. Etc. etc....

Your consideration is greatly appreciated.  Should you have any questions or require additional information, I can be reached by telephone or text at (734) 307-9137. Thank you.

Sincerely,

Joseph Hamilton

10-4-2024

attachments:12

Sherri Clark
NOTARY PUBLIC - MICHIGAN
Wayne COUNTY
ACTING IN THE COUNTY OF Wayne
MY COMMISSION EXPIRES December 28,

Page 4

21

| | |
|---|---|
| Appeal of:<br><br>Joseph Hamilton, Member<br>UAW Local Union 600<br><br>vs.<br><br>Gabe Solano<br>UAW International Servicing Representative<br><br>Region 1A | **Appealing the decision of UAW Region 1A International Servicing Representative Gabe Solano to settle Grievance No. L22RD11.** |

This appeal is being processed by the UAW President's Office in accordance with the provisions of Article 33, Section 3(d) of the UAW International Constitution ("the Constitution"). Based on the information provided by the parties, a hearing on this matter was determined to be unnecessary.

## ISSUE

Joseph Hamilton ("Appellant") is appealing the decision of UAW Region 1A International Servicing Representative Gabe Solano ("Solano") to settle Grievance No. L22RD11.[1] Appellant was terminated for allegedly not updating his medical leave of absence within the confines of the national language and for failing to respond to a 5-day quit notice.

## FACTS

Appellant is an employee at the Ford Motor Company's Dearborn Stamping Plant ("the Company") in Dearborn, MI. Appellant has a seniority date of February 16, 2015. He is represented by UAW Local Union 600 ("local union"), UAW Region 1A, and the UAW Ford Department.

---

[1] Exhibit 1 – Grievance No. L22RD11 (Grievance Starting Second Stage Only), 3 pages.

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## BACKGROUND

On September 30, 2021, the Company issued discipline and terminated Appellant for not updating his medical leave of absence within the confines of the national language. The Company exercised their rights under the 2019 UAW-Ford CBA, Vol. 1, Article IV, Section 3, entitled Discipline and Discharge, and Article VIII, Section 30, Medical Leaves of Absence. The incident resulted in Appellant being terminated by the Company.

On March 25, 2022, the local union filed a grievance for unjust discipline and termination on behalf of Appellant for allegedly not updating his medical leave of absence within the confines of the national language and for failing to respond to a 5-day quit notice. The local union demanded the Company reinstate Appellant to his former classification, pay rate, full seniority, and be made whole of all lost wages for the unjust termination. *(See Exhibit 1).*

After the Company refused to resolve the grievance to the satisfaction of the local union, the grievance was processed through the grievance procedure, and advanced to the third step of the procedure.

Once the grievance was advanced to Solano at the third step of the grievance procedure, he intensely argued that the charge waged against Appellant was severe and demanded a remedy that would reinstate Appellant back to work and award all lost wages and benefits.

Subsequently, on August 8, 2024, after several discussions with the Company regarding Appellant being reinstated back to work, Solano was successful in negotiating a partial settlement. The settlement included no backpay of wages, bonuses, or any other type of compensation on the merits of the grievance in question. Additionally, Appellant was required to successfully pass all medical screenings before August 23, 2024, with an effective return to work date no later than September 3, 2024.[2]

---

[2] Exhibit 2 – Outcome of Appellant's Third Stage Grievance Disposition, dated August 19, 2024.

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

On August 12, 2024, Appellant was notified, via certified mail, of the grievance settlement.[3] Appellant refused to sign the Ford "Reinstatement Waiver" ("RW") dated August 26, 2024.[4] The Company agreed to provide Appellant with additional time to consider the RW and postpone the hearing until August 26, 2024. Appellant made no attempt to contact the Company's Labor Relations Office to provide them with a response to the grievance settlement. Appellant claimed he was waiting to get in touch with Solano to answer questions about the terms of the agreement before signing off on the grievance settlement. After a follow up discussion with Solano, it was determined that Appellant never followed up with him either. In an email dated August 22, 2024, it states, in part:

> "...The aggrieved employee will have until Monday, August 26th, 2024 to respond back to the Labor Relations Office accepting and signing off to the terms of the settled grievance #L22RD11. If the aggrieved employee choses [sic] not to sign off and agree to the terms of reinstatement the grievance will be considered closed and the employee will remain terminated from Ford Motor Company."[5]

On September 7, 2024, an email from the Company to Solano states, in part:

> "...Please explain to the aggrieved that the grievance was settled between the parties and the only way that it can be heard again is for the grievance to be reinstituted through the process as outlined in the LOU in Volume IV-A.
>
> The grievance will need to go to the Executive Board. If it is appealed, NFD and the Company's Arbitration department will proceed with next steps. ..."[6]

On September 9, 2024, Appellant was, once again, notified via certified mail of the grievance settlement. It states, in part:

---

[3] Exhibit 3 – Grievance settlement letter sent to Appellant from Solano, dated August 12, 2024.
[4] Exhibit 4 – The Company's Reinstatement Waiver, dated August 26, 2024, 2 pages.
[5] Exhibit 5 – Email from Nardian Yoram, the Company's Labor Relations Representative to Jennifer McRae, dated August 22, 2024.
[6] Exhibit 6 – Email from the Company to Solano, dated September 7, 2024.

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

> "...On August 12, 2024, a letter was sent to your last known address detailing your next steps to reinstatement (letter enclosed). During the reinstatement process you refused to sign the terms of the partial grant. ..."[7]

Appellant sent a letter, postmarked October 7, 2024, to the UAW President's Office appealing the grievance settlement.[8] Pursuant to an information request from this office, the UAW Region 1A responded with information related to the appeal.

**DISCUSSION**

After several discussions with the Company regarding Appellant returning to work, the Union was successful in negotiating with the Company a partial settlement that included an RW. The RW was rejected by Appellant, who stated he felt Solano did not put forth his best effort to resolve the matter and should have investigated the matter with Unicare (the Company's third-party provider). The investigation would have shown he was still under the care of his doctor. Appellant went on to state the doctor's memo would have been more than enough, clearing him of the second charge within the grievance. Also, the RW would force him to waive his rights to backpay and any further disputes of the matter.

The standard for determining the outcome of an Article 33 grievance appeal, such as this one, is the Rational Basis test. The Public Review Board ("PRB") has upheld this standard in many cases appealing grievance settlements:

> "...In an appeal where the appellant is challenging the handling or disposition of a grievance, we are authorized to overturn the Union's decision only where the appellant is able to establish that the Union's handling of his grievance was tainted by fraud, discrimination or collusion with management or that its handling or disposition was devoid of any rational basis. ..."[9]

---

[7] Exhibit 7 – Certified grievance letter to Appellant from Solano, dated September 9, 2024.

[8] Exhibit 8 – Appellant's appeal letter to the UAW President's Office, dated October 3, 2024, 4 pages.

[9] *Padilla v. International Union, UAW.* PRB Case No. 1035 (1993); Also See Constitution, International Union, UAW Article 33, Section 4(i).

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

Solano was confident that he achieved the best settlement possible, particularly given the circumstances of the case. Solano was convinced that the possibility of a successful arbitration to improve the settlement offer was highly unlikely.

The rational basis process can be briefly described as the following: the decision of the Union representative is examined and measured against the requirement of representatives to conduct a full and fair investigation, consult applicable contract language (including applications, interpretations, past practices, etc.), while taking into consideration the welfare and interests of our brothers and sisters as well as the doctrines of the UAW International.

UAW representatives are obligated under the Constitution and the Duty of Fair Representation Administrative Letter ("DFR"), to represent all bargaining unit members fairly, without hostility, without arbitrary conduct, and devoid of perfunctory and/or discriminatory actions. Further, the representative must be honest, forthright, and communicate with the grievant regularly when handling such grievance matters.

Conversely, a representative also has a wide range of reasonableness and discretion of judgment when determining whether to process, withdraw, arbitrate, or settle a grievance. In essence, a representative may choose a limit on the action and is not required to process every grievance to arbitration if, in his/her unbiased judgement, the sought-after remedy from an arbitrator is unlikely to be granted.

The DFR also acknowledges that the UAW is the exclusive bargaining agent for local union members, i.e., the representative is responsible for making a grievance handling decision based on the facts of the case and/or whether a violation of the collective bargaining agreement ("CBA") has occurred. Moreover, a representative is not obligated to seek the approval of the grievant before a determination on the grievance matter is made. If the decision was based on a rational basis, whether the grievant approves or not, the representative should be comfortable with the resolve.

Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano

Appellant makes it clear in his appeal, that the settlement is not the outcome that he desires, and feels he was not represented fairly. The grievance procedure is not designed to satisfy any individual's sense of what is just; it is a means of resolving disputes arising under the language of the CBA. The record reflects the local union and UAW Region 1A both acted as advocates for Appellant. Furthermore, Solano's decision was not devoid of a rational basis to settle the grievance. Considering these circumstances, Solano made a rational decision to settle the grievance.

This office has determined that the Union exercised reasonable judgement and their decision to settle Grievance No. L22RD11 and was not void of a rational basis. Furthermore, there is also no evidence of fraud, discrimination or collusion with management during the handling of this case.

<u>CONCLUSION</u>

The case record reveals Appellant was terminated for not updating his medical leave of absence within the confines of the national language and for failing to respond to a 5-day quit notice. The Union argued on behalf of Appellant to withdraw the discipline and make him whole, to no avail, through the stages of the grievance procedure. During the grievance meetings, the Union negotiated an RW to bring Appellant back to work. However, Appellant would not accept the agreement because he would not accept any offer that was less than what he wanted in the grievance settlement. In the Union's judgement, they could not refute the evidence presented and lack of compromise from Appellant.

To successfully appeal a Union representative's decision to settle a grievance, Appellant must show that the decision lacked a rational basis, or that the Union's handling of the grievance was tainted by fraud, discrimination or collusion with management. No such evidence was provided in this case by Appellant. The UAW International Executive Board affirms Solano's decision to settle Grievance No. L22RD11.

**Joseph Hamilton, Member, UAW Local Union 600, Region 1A vs. UAW Region 1A International Servicing Representative Gabe Solano**

## DECISION

Based on the contents of the case record, the appeal is, respectfully, denied.

**NOTE: All exhibits cited in this decision but not reproduced therein are contained for review in the record, as are other documents that may have been submitted by the parties but not specifically referenced herein.**

SPF/LW:ljc
opeiu494afl-cio

7

# EXHIBIT H

Appeal Acknowledgment – February 26, 2025



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

SHAWN FAIN, *PRESIDENT*   •   MARGARET MOCK, *SECRETARY-TREASURER*
VICE-PRESIDENTS: CHUCK BROWNING  •  MIKE BOOTH  •  RICH BOYER

February 26, 2025

Joseph Hamilton, Member
UAW Local Union 600
14547 Brookside Drive
Van Buren Twp., MI  48111

Dear Brother Hamilton:

This will acknowledge receipt of your letter, postmarked October 7, 2024, requesting to **appeal Grievance No. L22RD11.**

You will be notified in due time by this office of the action to be taken on your appeal.

**Be advised, it is your responsibility to notify this office if you have a change in address.**

Fraternally,

*LaChandra White*

LaChandra White
Administrative Assistant to the President

LW:lmp
opeiu494afl-cio
cc:     Chris Brooks, Chief of Staff to the President
        Patrick J. Byers, Top Administrative Assistant to the President
        Laura Dickerson, Director, UAW Region 1A
        Shawn Fain, President, International Union, UAW
        Allen Freer, Recording Secretary, UAW Local Union 600
        Dave Pagac, Assistant Director, UAW Region 1A
        Anthony Richard, President, UAW Local Union 600

# EXHIBIT I

International Executive Board (IEB) Final Denial –
May 22, 2025



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000



**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

SHAWN FAIN, *PRESIDENT*   •   MARGARET MOCK, *SECRETARY-TREASURER*
VICE-PRESIDENTS: CHUCK BROWNING   •   MIKE BOOTH   •   RICH BOYER

May 22, 2025

Joseph Hamilton, Member
UAW Local Union 600
14547 Brookside Drive
Van Buren Township, MI  48111

Dear Brother Hamilton:

Your appeal to the UAW International Executive Board, submitted per Article 33, Section 3(d) of the UAW International Constitution, has been processed by my office to the UAW International Executive Board.

In accordance with the established procedure, enclosed is the decision of the UAW International Executive Board on your appeal.

In solidarity,

Shawn P. Fain
President

SPF/LW:ljc
opeiu494afl-cio
Enclosure
cc:      Chris Brooks, Chief of Staff to the President
         Laura Dickerson, Director, UAW Region 1A
         Allen Freer, Recording Secretary, UAW Local Union 600
         Kristofor Harrison, Top Administrative Assistant to the President
         Dave Pagac, Assistant Director, Region 1A
         Anthony Richard, President, UAW Local Union 600
         Gabe Solano, International Servicing Representative, UAW Region 1A
         LaChandra White, Administrative Assistant to the President